IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHARLES PHILLIPPI, JR. and JANET
PHILLIPPI, *husband and wife*,

        Plaintiffs,

      v.

PROGRESSIVE CORPORATION,
PROGRESSIVE NORTHERN INSURANCE
COMPANY, and PROGRESSIVE DIRECT
INSURANCE COMPANY,

        Defendants.

09cv1387

**ELECTRONICALLY FILED**

**ORDER OF COURT DENYING MOTION TO DISMISS  (DOC. NO. 6)**

Before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil

Procedure 12(b)(6) (Doc. No. 6), which seeks to dismiss all counts of plaintiffs' complaint, for a

variety of reasons.

In light of the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S.544

(2007), a complaint may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) if it

does not allege "enough facts to state a claim to relief that is plausible on its face."  *Phillips v.*

*County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

While *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), allowed dismissal of a claim only if "no set

of facts" could support it, under *Twombly,* and most recently, *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

2009 WL 1361536 (May 18, 2009), a claim for relief under Rule 12(b)(6) now "requires more

than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."

*Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. at 1950.

In *Iqbal*, the Supreme Court held that a claim is facially plausible when its factual content

allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. *Marangos v. Swett*, 2009 WL 1803264, *2 (3d Cir. 2009), citing *Iqbal*, 129 S.Ct. 1937, 2009 WL 1361536, *12. The plausibility standard in *Iqbal* "asks for more than a sheer possibility that a defendant has acted unlawfully." *Swett*, quoting *Iqbal*. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. *Swett*, quoting *Iqbal*, at *13. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal*, quoting Fed. R. Civ. P. 8(a)(2).

In order to satisfy the requirement of Fed. R. Civ. P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." *Iqbal*, at 1951.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. *Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *See In re Rockefeller Ctr. Props., Inc. Sec. Litig.,* 311 F.3d 198, 215 (3d Cir. 2002); *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. *Maio v. Aetna*, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory.  *See Wilkerson v. New Media Tech. Charter Sch., Inc.*, 522 F.3d 315 (3d Cir. 2008) (citing *Phillips*, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element."  *Weaver v. UPMC*, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008) (citing *Phillips*, 515 F.3d at 234; and *Twombly*, 550 U.S. at 555).

Viewed in light of the forgoing liberal pleading standards, this Court finds that the allegations of plaintiffs' complaint, when taken as true, allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged and that plaintiffs may be entitled to relief.  As plaintiffs set forth in their response and brief in opposition to the motion to dismiss, there appear to be material factual disputes (at this stage of the proceedings) as to most, if not all, of plaintiffs' causes of action. The Court finds that the complaint meets the standards enunciated in *Twombly* and *Iqbal*.  See also, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), quoting *Iqbal*, 129 S.Ct. at 1949.  ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible.  This then 'allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged.'").

Accordingly,

**AND NOW, this 4th day of November, 2009,** after due consideration to Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 6), and plaintiffs' response thereto (Doc. No. 8), and the briefs in support and in opposition to dismissal

(Docs. No. 7 and 9, respectively), Defendants' Motion to Dismiss Pursuant to Federal Rule of

Civil Procedure 12(b)(6) (Doc. No. 6) is HEREBY DENIED, without prejudice to defendants'

raising the issues set forth therein in a motion for summary judgment at the appropriate time

following discovery.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:      All Registered ECF Counsel and Parties